[No. 3337. Decided March 21, 1900.]

THE STATE OF WASHINGTON, *Appellant*, v. JOHN LOUIS GUSTAVE SAILLARD, *Respondent*.

POLICE OFFICERS AS WITNESSES—FEES.

Art. 2, § 25, and art. 11, § 8, of the constitution, which prohibit the increase of an officer's salary during his term of office, do not inhibit the allowance of witness fees to a policeman, although he draws a regular monthly salary as such officer, since such services as a witness do not fall within the duties required of him by his office.

Appeal from Superior Court, Spokane County.—Hon. LEANDER H. PRATHER, Judge. Affirmed.

*James Z. Moore*, Prosecuting Attorney, for the State:

A police officer is an officer of the state as well as of the municipality in which he exercises his functions. He is a statutory creature, wholly unknown to the common law, and vested with such powers only as have been expressly or derivatively conferred upon him by the legislature. *Burch v. Hardwicke*, 32 Am. Rep. 640; *People v. Hurl-*

*but,* 9 Am. Rep. 103; *In re Russell,* 50 Am. Rep. 55; Dillon, Municipal Corporations, (4th ed.), §§ 58, 60, 210, 975.

An officer is not entitled to extra compensation for incidental or collateral services rendered by him in the performance of his general duties. Mechem, Public Officers, § 862; Dillon, Municipal Corporations (4th ed.), § 233; *Decatur v. Vermillion,* 77 Ill. 315; *Sidway v. South Park Commissioners,* 120 Ill. 496; *Rowe v. Kern County,* 14 Pac. 11; *Day v. Putnam Ins. Co.,* 16 Minn. 408; *Bent v. Wakefield, etc., Bank,* 4 C. P. Div. 6; *Young v. Millett,* 19 Wash. 486; *Cox v. Holmes,* 14 Wash. 255; *Tacoma v. Lillis,* 4 Wash. 797 (18 L. R. A. 372); *State ex rel. Thurston County v. Grimes,* 7 Wash. 445.

*Sullivan, Nuzum & Nuzum* and *Robertson & Miller,* for respondent.

PER CURIAM.—The respondent was accused, by information filed in the superior court of Spokane county, of a criminal offense, and, upon trial, duly acquitted. In the cost bill, as taxed by the clerk, fees were allowed certain witnesses, duly subpœnaed and attending the trial, who were regularly employed policemen of the city of Spokane, and drawing regular monthly salaries as such policemen. The prosecuting attorney, when the cost bill was submitted for his approval, reported against the allowance of these fees, whereupon a motion to retax the costs was made by the respondent's counsel, and, upon a hearing thereon, the fees were allowed by the court. The state appeals.

It is insisted that the action of the court was in contravention of § 25, art. 2, and § 8, art. 11, of the state constitution. The argument is that a policeman is an officer whose salary is fixed by law, and that to allow him fees while attending on a superior court as a witness is to in-

crease his salary during his term of office, which is prohibited by the sections of the constitution above cited. But we think the prohibition of the constitution inapplicable to cases of this kind.    These sections were intended to. prohibit the legislature, or other body having power to fix salaries or the compensation of public officers, from increasing or diminishing the salary or compensation of an officer when no duty is exacted of him except such as pertains to the office which he holds, and can have no application where the officer may be called on to perform a service for the state which is outside of the duty required of him by his office.    In the latter class of cases an officer stands on a plane with other citizens of the state, and, where he performs a service for the public not required of him by the duties of the office which he holds, he may exact the same compensation for his services that the law allows to any one for like services.

As it is not shown that it is a duty pertaining to the office of policemen of the city of Spokane for a person holding that office to attend upon the superior court as a witness, the judgment of the lower court must be affirmed, and it is so ordered.